UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS RAY STANKEWITZ, | ) | 1:09-CV-00162 GSA HC |
| Petitioner, | ) ) | ORDER DISMISSING PETITION |
| v. | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| ROBERT L. AYERS, et al., | ) ) | |
| Respondents. | ) ) | |

Petitioner is a state prisoner proceeding pro se who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On January 20, 2009, Petitioner filed the instant federal petition in the Sacramento Division of this Court.  The petition was then transferred to this Court and assigned case number "1:09-CV-00162 GSA HC."  The petition challenges Petitioner's 1978 convictions in the Fresno County Superior Court of murder, robbery and kidnaping for which he was given a sentence of death.

Review of the Court's dockets shows Petitioner has already filed a habeas petition with respect to these convictions. That petition was assigned case number "1:91-CV-00616 AWI." "After weighing the equities of the case, the district court may exercise its discretion to dismiss a

duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." <u>Adams v. California Dept. of Health Services</u>, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" <u>Adams</u>, 487 F.3d at 688 (quoting <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. <u>Adams</u>, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. <u>Id</u>. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." <u>Kourtis v. Cameron</u>, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." <u>Adams</u>, 487 F.3d at 691 (citing <u>Kourtis</u>, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." <u>Adams</u>, 487 F.3d at 691 (quoting <u>Kourtis</u>, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. <u>Adams</u>, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." <u>Adams</u>, 487 F.3d at 694 (quoting <u>Flynn v. State Bd. of Chiropractic Exam'rs</u>, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Because the instant petition challenges the same convictions as the petition currently pending in case number "1:91-CV-00616 AWI," the instant petition must be dismissed as duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the underlying convictions, he must do so in the original case.

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the instant Petition for Writ of Habeas Corpus is DISMISSED as duplicative. Further, the Clerk of Court is DIRECTED to enter judgment and terminate the case.

IT IS SO ORDERED.

Dated:  **February 11, 2009**              **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE